IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:10-CR-187-1-NR |
| | ) |
| GARY MOOREFIELD, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM ORDER

Defendant Gary Moorefield has filed a *pro se* motion for compassionate release. He makes his motion principally on the basis that he has used his time in prison to rehabilitate himself, but also based on the risk of contracting COVID-19, the existence of a sentencing disparity between himself and his co-defendants, and a revision to the Sentencing Guidelines that he argues would have dropped his base offense level calculation by two points and resulted in a reduced sentence.

Even assuming for purposes of this order only that Mr. Moorefield has exhausted his remedies[1] and established "extraordinary and compelling reasons" to warrant early release,[2] the Court must nonetheless deny the motion. This is so because the Court is also obligated to ensure that any sentence reduction is consistent

---

[1] It is not clear Mr. Moorefield has in fact exhausted his remedies. He produced an unsigned copy of a letter he purportedly sent to the prison warden, but there is no evidence or indication that the warden received that letter and denied Mr. Moorefield's request. ECF 863-3.

[2] It is also unlikely that Mr. Moorefield has established extraordinary and compelling reasons, as he points only generally to "the continued high risk of COVID-19 in the federal prison system," ECF 863, p. 10, and not to specific circumstances in his own medical history that would suggest that he is at a heightened risk for complications from COVID-19. *Cf. United States v. Bednarski,* 2022 WL 80080, at *4 (W.D. Pa. Jan. 7, 2022) (Baxter, J.) (denying a defendant's compassionate release motion due to his failure to supply sufficient medical records to support his allegations); *United States v. Somerville,* 463 F. Supp. 3d 585, 596 (W.D. Pa. 2020) (Ranjan, J.).

with 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A), (2).  A sentencing reduction at this juncture does not align with the Section 3553 factors.

The Court sentenced Mr. Moorefield to 300 months of imprisonment (240 months as to Count 1, plus a 60-month mandatory minimum to be served consecutively as to Count 11) in January 2013 for serious drug-trafficking crimes pursuant to a binding Rule 11(c)(1)(C) plea agreement.  ECF 682.  He admits to having served just 12 years of his 25-year sentence.  ECF 863, p. 3.  Releasing him now—virtually cutting his sentence in half—would undermine the purposes of sentencing, including without limitation, the seriousness of the offense, the need for deterrence, protection of the public, and the creation of sentencing disparities, as well as all of the factors outlined by Congress at Section 3553.

Specifically, the Section 3553 factors counsel against reducing Mr. Moorefield's sentence: the quantity of heroin involved in this matter was substantial, between 3 and 10 kilograms and worth hundreds of thousands of dollars (ECF 646, pp. 9-10); Mr. Moorefield's role as ringleader of the drug trafficking conspiracy (*id.*; ECF 863, p. 20); Mr. Moorefield has committed several acts of prison misconduct since beginning his sentence, including devising a scheme to traffic contraband into prison (ECF 867, pp. 5-6; ECF 869); Mr. Moorefield's criminal record is lengthy, and indicates he has a history of failing to abide by the terms of pretrial and supervised release (ECF 867, p. 4 (citing ECF 646)); and the fact that Mr. Moorefield's sentence of 240 months in prison at Count 1 was at the low-end of his advisory Guidelines range of 235 to 293 months in prison (ECF 646, p. 25).

Mr. Moorefield also moves for release under 18 U.S.C. § 3582(c)(2) based on a revision to the Sentencing Guidelines (Amendment 782), which retroactively reduces the drug quantity base offense levels by two.  This change to the Guidelines gives an amended Guidelines range of 188 – 235 months, where his Guidelines range at the time of sentencing was 235 – 293 months.  Considering the 60-month consecutive

sentence on top of his original range, his "effective" sentencing Guidelines range was 295 – 353 months, but should be adjusted to 248 – 295 months. He asks the Court to reconsider his sentence based on this new range. ECF 863, p. 12. As a prerequisite to granting this relief, the Court must again consider the Section 3553 factors, so the foregoing discussion of those factors applies in equal force to this claim and counsels denying it. 18 U.S.C. § 3582(c)(2). At this stage, Mr. Moorefield has only served about 12 years of his sentence, and for the same reasons as noted above, releasing Mr. Moorefield at this juncture—even considering the lower revised Guidelines range—runs contrary to the Section 3553 factors. Notably, he hasn't even served half of his sentence considering the lowest amended Guidelines range. Thus, his request will be denied at this time without prejudice.

For all of these reasons, Mr. Moorefield's motion is **DENIED**. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020).

Date: January 27, 2023  BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge