# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:10-CR-187-1-NR |
| | ) |
| GARY MOOREFIELD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

In January 2013, the Court sentenced Defendant Gary Moorefield to 300 months of imprisonment (240 months as to Count 1, plus a 60-month mandatory minimum to be served consecutively as to Count 11) for serious drug-trafficking crimes pursuant to a binding Rule 11(c)(1)(C) plea agreement. ECF 682. Mr. Moorefield now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), seeking early release based on his rehabilitative efforts during his time in prison. He also moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, which retroactively reduces the drug quantity base offense levels by two. This is Mr. Moorefield's fourth motion to reduce his sentence. *See* ECF Nos. 801, 858, 871. After careful consideration, the Court denies his motion because the Section 3553 factors counsel against reducing his sentence.[1]

---

[1] Mr. Moorefield moved for an oral hearing regarding his motion for a sentence reduction (ECF 885), but the Court finds that a hearing is not necessary (and not required), and so will decide this matter based on the parties' briefs. *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009).

Before modifying a term of imprisonment under either Section 3582(c)(1)(A) or Section 3582(c)(2), the Court must consider the factors set forth in Section 3553(a) to the extent that they are applicable. With respect to the motion under Section 3582(c)(1)(A), because the Court concludes that a sentence reduction would be inconsistent with the Section 3553(a) factors, the Court need not address whether

- 1 -

In denying Mr. Moorefield's last compassionate-release motion in January 2023, the Court reasoned that releasing him at that juncture would "undermine the purposes of sentencing, including without limitation, the seriousness of the offense, the need for deterrence, protection of the public, and the creation of sentencing disparities, as well as all of the factors outlined by Congress at Section 3553." *United States v. Moorefield*, No. 2:10-CR-187-1-NR, 2023 WL 1070478, at *1 (W.D. Pa. Jan. 27, 2023) (Ranjan, J.). The same holds true now, and the Section 3553 factors that the Court outlined in that Memorandum Order, dated January 27, 2023, apply here, as well: the substantial quantity of heroin involved; Mr. Moorefield's role as ringleader of the drug-trafficking conspiracy; his disciplinary record while in custody; his lengthy criminal record (including violations of supervised-release terms); and the fact that his sentence at Count 1 was at the low-end of his advisory Guidelines range. *Moorefield*, 2023 WL 1070478, at *1.

Mr. Moorefield points to his rehabilitative efforts while in prison, particularly since the beginning of this year. ECF 886, p. 3. While his educational and literary pursuits are positive developments, "the Court doesn't give them more weight than the section 3553(a) factors supporting denial of his motion." *United States v. Fletcher*, No. 2:19-CR-8-6, 2024 WL 3248830, at *3 (W.D. Pa. July 1, 2024) (Ranjan, J.). And, as Mr. Moorefield acknowledges, his post-sentencing rehabilitation presents a "mix[ed] picture." ECF 886, p. 3. Mr. Moorefield's most recent disciplinary infraction was in May 2023 for possession of a cell phone, and follows several other disciplinary infractions since beginning his sentence. ECF 889-3, p.1. *See Fletcher*, 2024 WL 3248830, at *3 ("While even a clean disciplinary record doesn't guarantee a sentence reduction, a spotty record doesn't help.").

---

Mr. Moorefield has shown "extraordinary and compelling reasons" warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i).

- 2 -

Since the Court denied Mr. Moorefield's last compassionate-release motion, Mr. Moorefield has served over half of his sentence. ECF 886, p. 4 (citing ECF 886-7). He suggests that a sentence reduction is warranted because he has now completed over half of his sentence, directing the Court to its January 27, 2023, Memorandum Order, in which the Court (in denying his motion) observed that Mr. Moorefield hadn't "even served half of his sentence considering the lowest amended Guidelines range." *Moorefield*, 2023 WL 1070478, at *2. To be clear, the purpose of the Court's observation in its prior Order was to emphasize that Mr. Moorefield had "not served a substantial enough portion of his sentence"—not to suggest that he would be eligible for a sentence reduction once he has served 50% of his sentence. *United States v. China*, No. CR 15-0203-02 (ES), 2021 WL 2472325, at *5 (D.N.J. June 16, 2021) (the fact that defendant had served less than 45% of his sentence factored against compassionate-release request); *see also United States v. Santiago*, No. 05-0032-03, 2021 WL 311877, at *4 (E.D. Pa. Jan. 29, 2021) (the fact that defendant served approximately 62% of his sentence weighed against sentence reduction); *United States v. Colon*, No. CR 09-00155, 2024 WL 4374119, at *11 (E.D. Pa. Oct. 2, 2024) ("Although Defendant has served over three-quarters of his 216-month sentence, his crimes warrant the sentence he received."). The fact that Mr. Moorefield has served over half of his sentence does not change the Court's prior weighing of the Section 3553 factors.[2]

For all of these reasons, Mr. Moorefield's 300-month sentence remains sufficient, but not greater than necessary, to meet the goals of sentencing.

---

[2] The Court previously used careful language in denying Mr. Moorefield's prior motions, by stating that early release was not appropriate at the present juncture. While the Court does not pre-judge any future motions, the reality is that application of the Section 3553 factors provides a serious obstacle for any sentence-reduction motion filed by Mr. Moorefield. That is, the seriousness of the offense conduct, Mr. Moorefield's extensive criminal history, and the stipulated bargain that he previously struck as part of his plea make an early release unlikely.

Mr. Moorefield's motion is therefore **DENIED**.

Date: October 30, 2024                    BY THE COURT:

                                          /s/ *J. Nicholas Ranjan*
                                          United States District Judge

cc:
Gary Moorefield
USMS #05445-068
Fort Dix FCI
P.O. Box 2000
Joint Base MDL, NJ 08640